# The Indianapolis, Bloomington and Western Railway Company

## *v.*

# John H. S. Rhodes.

1. Error—*when record must show an exception.* Where the record fails to show that any exception was taken to the admission or exclusion of testimony, or to the giving of instructions, no error can be assigned in respect thereto.

2. Same—*must be assigned.* When the refusal of instructions is not assigned for error, they will not be considered by this court, although the record shows their refusal and an exception taken to such refusal.

3. New trial. Under an assignment of error for refusing a motion for a new trial, the question whether the evidence is sufficient to sustain the verdict is properly raised.

4. Pleading—*when consideration must be stated.* In declaring upon a contract not under seal, and not being a bill of exchange or promissory note, implying a consideration, it is necessary to expressly state the particular consideration upon which it is founded.

5. Consideration—*must be proved as laid.* In a case where it is necessary to state a consideration in the declaration, if it be not proved on the trial as alleged, the variance will be fatal, if taken advantage of on the trial; and if no legally sufficient consideration be shown by the evidence, a necessary element of the cause of action will be wanting, and no recovery can be had.

6. Same—*if not shown a recovery can not be upheld.* In a suit against a railway company, for a breach of a simple contract to make culverts and fences along its right of way, the declaration alleged two considerations: a waiver by plaintiff of a right of appeal from the assessment of damages for right of way, and plaintiff's agreement to convey the right of way by deed. The plaintiff testified that he did not agree to give a deed, and that nothing was said about one, and the proof failed to show that anything was said about waiving any right of appeal, and no proceedings were shown to condemn the land, so as to show there was any right of appeal: *Held,* that no recovery could be had upon the contract, for the want of proof of a sufficient consideration.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

This action was assumpsit, in the McLean circuit court, by appellee against appellant, to recover damages for the breach of an alleged parol contract, whereby the latter promised to construct certain culverts and a fence upon appellee's land, and along appellant's right of way through the same. The declaration has but one count, and, by way of inducement, it is alleged that, January 1, 1870, the defendant petitioned the judge of that court to appoint commissioners to assess damages, amongst others, to plaintiff, for the right of way of defendant's railroad across his premises ; and the commissioners, having been duly appointed by said judge, *agreed* to allow plaintiff the sum of $1000 as compensation for the right of way across said premises ; whereupon, the defendant, at, etc., in consideration for said right of way across said premises, and that the plaintiff would not appeal from the decision of the commissioners, and that the plaintiff, on the fulfillment of the promises and undertakings next hereinafter mentioned, would make a good and sufficient deed of said right of way to the said defendant, promised the plaintiff to pay him the sum of $1000, and to construct, etc. It avers the payment of the $1000, but a failure to construct the culverts and fences. There was a plea of the general issue and Statute of Frauds, the latter plea averring that the supposed promise was not in writing, but to which the court sustained a demurrer. Upon the trial, under the general issue, it appeared, from the plaintiff's own testimony, that at the time of making the supposed contract there was nothing said about his giving a deed for the right of way ; and he says, defendant's agent promised to have the culverts and fences constructed, if he (plaintiff) would receive the $1000. No competent evidence was introduced of the condemnation proceedings mentioned in the declaration, nor is there anything in the record tending to show that, at the time of making the alleged promise, the plaintiff had any right of appeal to be waived. The other witnesses, testifying as to the contract, do not vary the facts. There was a verdict for plaintiff, with damages at $1408, on

which the court, overruling defendant's motion for a new trial, gave judgment, from which an appeal was taken to this court.

Mr. J. C. BLACK, Mr. L. WELDON, and Mr. T. B. ALDRICH, for the appellant.

Mr. HENRY A. EWING, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The case argued by counsel, and that presented by the record, seem to be quite different. The testimony, claimed to have been outside of any proper rule of damages, was admitted without objection. No exception was taken to either the admission or exclusion of evidence. The point is argued, that the court permitted plaintiff to amend his declaration after defendant's counsel had concluded their argument. Nothing of the kind is shown by the bill of exceptions. Again, it is objected that the instruction given on behalf of plaintiff was improper. Perhaps it was; but it was not excepted to by defendant. And, still further, it is urged that the court erred in refusing instructions asked for defendant. The record shows that the court did refuse three instructions so asked, and to such refusal exception was taken; but there is no assignment of error for giving or refusing instructions. A motion was made for a new trial, and, being overruled, exception was taken, which is preserved by the bill of exceptions, and on which error is assigned. Under that assignment of error the question is properly raised, whether the evidence is sufficient to support the verdict, the bill of exceptions purporting to contain all the testimony. The action is brought to recover for the breach of an alleged parol contract, on the part of defendant, to construct certain culverts and fences along its right of way through plaintiff's land. It is indispensable to the right to maintain an action for such breach,

that the alleged contract be upon a legally sufficient consideration, which may consist of either benefit to the defendant or detriment to the plaintiff, or the promise will be regarded as *nudum pactum.* And in declaring upon a contract not under seal, and not being a bill of exchange or promissory note, implying a consideration, it is necessary to expressly state the particular consideration upon which it is founded, and if the consideration be not proved on the trial, as alleged, the variance will be fatal, if taken advantage of upon the trial; or, if no legally sufficient consideration be shown by the evidence, a necessary element of the cause of action will be wanting.

No error being assigned for refusing an instruction which properly raised the question of variance, this court is limited to the inquiry whether any legally sufficient consideration to support the promise was shown by the evidence, or anything which the testimony tended to prove.

Two considerations were alleged in the declaration, viz: (1.) Waiver by plaintiff of a right of appeal from decision of commissioners. (2.) An undertaking, on his part, that he would convey the right of way to defendant by good and sufficient deed.

On the trial the plaintiff testifies, in his own behalf, (and there is no testimony showing differently) that, at the time of the making the promise, he did not agree to give a deed—that there was nothing at all said about it. It is equally clear, from his account of the transaction, that nothing was said about waiving any right of appeal. Indeed, there was no evidence tending to show that, at the time of the alleged promise to make the culverts and fences, he had any right of appeal. No record or papers in any condemnation proceedings were produced in evidence. The substance of the testimony is, that the defendant paid the plaintiff $1000, and, as he says, agreed, besides, to make the culverts and fences. Can it be said that the payment, by defendant to plaintiff, of $1000, was a detriment to the plaintiff and benefit to the defendant? We could understand how that act would support

a promise from plaintiff, but not how it will sustain one on the part of the giver in favor of the receiver. The court is of opinion that no legally sufficient consideration for the promise was shown, that it was *nudum pactum,* and no recovery could be had upon it under the evidence in this record.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*