# Marvin Blanchard

v.

# Mary McCuller.

Promissory note—Guaranty by third person after delivery—Consideration.—In order to establish a legal and binding undertaking of guaranty against a third party who indorses a note after it has been executed and delivered to the payee, a new and sufficient consideration for the indorsement must be shown.

Error to the Superior Court of Cook; county the Hon. Joseph E. Gary, Judge, presiding. Opinion filed November 8, 1880.

Mr. Marvin Blanchard, *pro se;* that the presumptive liability incurred by indorsing a note by a third person before delivery is that of joint maker or guarantor, cited Story on Promissory Notes, § 58; Carrol v. Weld, 13 Ill. 683; Glickauf v. Kaufmann, 73 Ill. 378; Boynton v. Pierce 79 Ill. 145; 2 Parsons on Contracts, 10.

If the indorsement is made after delivery to the payee, the undertaking is collateral and presumed to be that of an indorser, and the consideration must be proved: Klein v. Currier, 14 Ill. 237; White v. Weaver, 41 Ill. 409; Warden v. Salter, 90 Ill. 160; Eberhart v. Page, 89 Ill. 550; Edwards on Bills, 205; Story on Promissory Notes, § 133; 2 Parsons on Contracts, 563; Shafer v. Bank, 59 Pa. St. 148; Hall v. Newcomb, 7 Hill, 416; Spies v. Gilmore, 1 N. Y. 321; Phelps v. Vischer, 50 N. Y. 69; Greer v. Jones, 7 Johns. 581; Terry v. Prince, 4 Pick. 385; Irish v. Cutler, 31 Me. 536; Hammond v. Chamberlain, 56 Vt. 406; Good v. Martin, 5 Otto, 90; Nelson v. Harrington, 16 Gray, 139; Green v. Slopard, 5 Allen, 589.

The intention of the parties at the time of the transaction is to be carried out: Story on Promissory Notes, § 479; Good v. Martin, 5 Otto, 90; Hall v. Farmer, 5 Denio, 484; Brewster v. Silence. 4 Seld. 207.

Mere forbearance to sue without any request or agreement is not a consideration for a guaranty: Mercorney v. Stanley, 8 Cush. 85.

McALLISTER, P. J. This action was by McCuller, defendant in error here, to recover upon three promissory notes made by one French, and payable to plaintiff below, the declaration alleging that after they were respectively due and unpaid, Blanchard, in consideration that the plaintiff would forbear the collection of them from French, the maker, for a reasonable time from that date, guarantied the payment of them by indorsing his name thereon. There was a verdict for plaintiff below, on which the court, overruling the defendant's motion for a new trial, gave judgment, and the case comes here on error. The bill of exceptions contains all the evidence, which fails to show a cause of action. It appears that such indorsement was made after the notes were respectively made and delivered to the payee, but before either of them had matured; and it was in no respect connected with the original consideration, or the transaction out of which said notes arose. Such being the case, it is clear law that a new and sufficient consideration for the indorsement was required to be shown, in order to establish a legal and binding undertaking of guaranty on the part of Blanchard. 2 Parsons on Notes and Bills, 125–6, and cases in notes.

A critical examination of the evidence fails to disclose any proof of the particular consideration set out, or any other regarded in law as sufficient. Therefore, an essential element of a cause of action is wanting, and it was an error of law to give judgment for the plaintiff, when her evidence failed to show any sufficient consideration for the alleged promise. Indianapolis, B. & W. R. R. v. Rhodes, 76 Ill. 285.

The judgment of the court below must be reversed.

Reversed and remanded.